IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUNCAN AVIATION, INC., ) | 4:07CV3035 |
| a Nebraska Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| RIVER RUN PROJECTS, LLC, ) | |
| a New Hampshire Limited Liability ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |

This breach of contract action has been removed from state court and is before me on a motion to dismiss for lack of jurisdiction and for improper service, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(4). The motion to dismiss is supported by a brief and affidavit. The plaintiff failed to respond to the motion.

The Complaint alleges that River Run Projects, LLC ("River Run") entered into a contract with Duncan Aviation, Inc. ("Duncan") for Duncan to overhaul the landing gear on a River Run aircraft. It appears from the Complaint that River Run delivered damaged landing gear to Duncan for repair in Lincoln, Nebraska, that Duncan repaired the gear, and that River Run has not paid the full contractual price for the repair. (Filing 1, Complaint, ¶¶ 2,4,6.)

River Run has produced evidence to show that the contract[1] instead called for Duncan to sell refurbished landing gear to River Run, for Duncan to deliver that gear to River Run in New Hampshire for River Run to install, and for River Run to pay for

---

[1] It is unclear whether the contract is written or oral.

the landing gear in part by shipping to Duncan other landing gear that needed refurbishing. (Filing 5, Ex. 2 (Silverman Aff.) ¶ 16.) River Run has also produced evidence showing that its purchase of refurbished landing gear from Duncan was an isolated, one-time transaction and that it did not purposefully avail itself of the privilege of conducting business in Nebraska. (Filing 5, Ex. 2.) Under these facts, Nebraska lacks personal jurisdiction over River Run. Gatz v. Ponsolt, 271 F. Supp. 2d 1143, 1155 (D. Neb. 2003) (personal jurisdiction under Nebraska long-arm statute extends to fullest degree allowed by Due Process Clause, and due process requires that the defendant "purposefully avail itself" of the privilege of conducting business in the form state by contacts that are not "random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party") (citing cases).

As River Run has made a showing that this court lacks personal jurisdiction over it, the burden shifts to Duncan to prove facts sufficient to support personal jurisdiction. Block Indus., v. DJH Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974) ("[o]nce jurisdiction has been controverted or denied, [the plaintiff] ha[s] the burden of proving . . . facts [sufficient to support a reasonable inference that the defendant can be subjected to personal jurisdiction.]") The prima facie allegations of the complaint are not enough, and the plaintiff must prove jurisdiction by affidavits, testimony or documents. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004) (citing Block), cert. denied, 543 U.S. 1147 (2005). Had Duncan produced evidence to support jurisdiction, I would have reviewed the evidence in the light most favorable to Duncan and resolved all factual conflicts in its favor. Digit-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 512 (8th Cir. 1996). However, Duncan failed to respond to the motion in any way. Thus Duncan has not met its burden of proving personal jurisdiction over River Run and I will grant the motion to dismiss for lack of personal jurisdiction.

The motion to dismiss also asserts that River Run has not been properly served in this case because the summons had expired at the time of service. As this court lacks jurisdiction over River Run, I do not reach this question.

Accordingly,

IT IS ORDERED:

1. The motion in filing 3 is granted to the extent it seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction;

2. The remainder of the motion in filing 3 is denied as moot; and

3. Judgment of dismissal will be entered by separate order.

March 19, 2007                              BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge