IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUNCAN AVIATION, INC., ) | 4:07CV3035 |
| a Nebraska Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| RIVER RUN PROJECTS, LLC, ) | |
| a New Hampshire Limited Liability ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court upon Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1). (Filing 11.) Judgment was entered after I granted a motion to dismiss for lack of jurisdiction. (Filing 8.) Plaintiff's motion requests that I vacate the judgment and grant it leave to respond out of time to the motion to dismiss for lack of jurisdiction. I will grant the motion for relief.

My grant of the motion to dismiss was akin to a default judgment, because it was based upon Plaintiff's failure to respond after Defendant made a factual showing that this court lacked personal jurisdiction over it. Feeney v. AT & E, Inc., 472 F.3d 560, 562 (8th Cir. 2006) (summary judgment for plaintiff was the "functional equivalent of a default judgment" because it was granted without discussion of the merits of the claim, and was based solely on the defendant's failure to reply). Default judgments are generally disfavored. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2681, at 10 (3d ed. 1998). Rule 60(b)(1) permits a district court to grant a defaulting party relief from judgment because of that party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The determination of excusable neglect is an elastic,

"'equitable'" one which takes relevant circumstances into account. Feeney, 472 F.3d at 562-63 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)). The circumstances to be considered are "'the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Id. (citing Pioneer at 395). "The existence of a meritorious defense is also a relevant factor." Id. (citations omitted). The four Pioneer factors do not have equal weight, and the reason for delay is the critical factor. Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003).

In the Eighth Circuit, some forms of negligence by an attorney can constitute "excusable neglect." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) recites the general principles. Rule 60(b)(1) excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." Id. at 1045 (internal quotation marks and citations omitted). Negligent failure to comply with a filing deadline, when "accompanied by a showing of good faith and some reasonable basis for not complying with the rules" can constitute excusable neglect. Id. However, "'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney," and "[n]either a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." Id. Applying these principles, the court in Noah found there was no excusable neglect when the plaintiff failed to respond to an order to show cause why the complaint should not be dismissed for failure to comply with a scheduling and trial order because the plaintiff's attorney intended to electronically file a response to the order before leaving on vacation but forgot to do so, in part because his attention was diverted by his busy schedule.

Here, Plaintiff has asserted that its failure to respond to the prior motion to dismiss resulted from "excusable neglect" in that it was based on the understanding

of Plaintiff's counsel that Defendant's counsel had agreed to give Plaintiff additional time to respond because the parties were engaged in settlement discussions, and the mistake of Plaintiff's counsel in failing to file a formal motion with the court requesting additional time. (Filing 16 ¶2.) Defendant asserts that the "agreement" was for Plaintiff to have additional response time only so long as the parties were engaged in good faith, productive settlement discussions, and that the settlement discussions were not in good faith or productive. (Filing 16 ¶11.) I find that counsel agreed between themselves that Plaintiff would have more time to respond to the motion to dismiss, and that this agreement was conditioned on the existence of settlement discussions. I further find that there was a good faith misunderstanding: Plaintiff's counsel could reasonably have believed that settlement discussions had not disintegrated to the point that they vitiated the extension agreement. Though Plaintiff's counsel should have filed a motion for extension, the failure to do so is minor and did not amount to flouting court rules. See Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000) (although a court could find excusable neglect where a rule is subject to multiple interpretations or is in apparent conflict with another rule, "'failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect'") (quoting Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2nd Cir. 1997)).

To support its Rule 60(b) motion, Plaintiff has submitted the brief and evidence it proposes to submit in opposition to the motion to dismiss, and asserts that they reflect a meritorious defense. (Filing 13, Exs. 2-4.) These submissions suggest that the two parties have an ongoing business relationship and that the transaction giving rise to this suit was not an isolated one (as Defendant had asserted in support of its motion). For purposes of the pending Rule 60(b) motion, I find that the Plaintiff has a potentially meritorious defense as to personal jurisdiction.

There will be minimal delay if I grant the Rule 60(b) motion. Plaintiff filed the Rule 60(b) motion eleven days after entry of the judgment. If I set aside the judgment

and accept the proposed brief and evidence in opposition to the motion to dismiss, the motion to dismiss would be ripe for decision as soon as Defendant files a reply brief.

The Seventh Circuit has found that facts similar to those before me could constitute excusable neglect. In Robb v. Norfolk & Western Ry. Co., 122 F.3d 354 (7th Cir. 1997) a district judge granted summary judgment for the defendant after the plaintiff failed to respond. There, as here, plaintiff's counsel believed the parties had agreed to an extension of the deadline but failed to notify the court of that agreement and request an extension. When presented with a Rule 60(b)(1) motion, the district judge found that these facts indicated attorney negligence which he believed would constitute "excusable neglect" for purposes of a Rule 60(b) motion–but for his belief that the Seventh Circuit followed a per se rule that attorney negligence could never constitute excusable neglect. The district judge denied the motion. The Seventh Circuit reversed, finding that there was no such per se rule, and remanded to allow the exercise of the district judge's discretion.

I find that Plaintiff has established that its failure to respond to the motion to dismiss constituted "excusable neglect" within the meaning of Rule 60(b)(1). The Pioneer factors, particularly the reason for failure to timely respond to the motion to dismiss for lack of jurisdiction, so indicate. The failure to respond to the motion to dismiss was based on a good faith belief that the settlement discussions between the parties had not deteriorated to the point that they vitiated an agreement between the parties that Plaintiff would have additional time to respond to the motion so long as settlement negotiations were ongoing. The failure to formally request an extension based on this agreement was a minor mistake rather than an intentional act of flouting court rules. It appears that Plaintiff may have a meritorious defense. There would be minimal delay if I grant the Rule 60(b) motion.

I will grant the Rule 60(b) motion and will reconsider the motion to dismiss. Plaintiff has already submitted the brief and evidence it proposes to submit in

opposition to the motion to dismiss in support of its Rule 60(b) motion. I deem those documents to be submitted in opposition to the motion to dismiss, and will give Defendant time to file a reply brief and evidence. Upon submission of Defendant's reply brief and evidence, the motion to dismiss will be ripe for decision.

For the foregoing reasons, it is ordered:

1. Plaintiff's motion for relief from judgment (filing 11) is granted;

2. This court's March 19, 2007 judgment (filing 9) dismissing this action for lack of personal jurisdiction is vacated;

3. The proposed brief (filing 13, ex. 5) and evidence (filing 13, exs. 2-4) opposing the motion to dismiss which were submitted in support of the motion for relief from judgment are accepted and deemed to be filed in opposition to the motion to dismiss;

4. Defendant shall have until May 4, 2007 to file a reply brief and index of evidence;

5. The motion to dismiss for lack of jurisdiction (filing 3) will be deemed submitted on May 5, 2007;

6. The Clerk of the Court shall reopen this matter for statistical purposes and make an entry in the CM/ECF system indicating that the motion to dismiss (filing 3) is ripe for decision on May 5, 2007.

April 25, 2007.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge